**Diane SASSER; Vickie Leff; Jessica Labonte–Souza; Leanna Thomas, Plaintiffs—Appellants,**

v.

**WEST COAST BEAUTY SUPPLY, a California corporation; Warren Peskin; Randy Schroeder, Defendants—Appellees.**

No. 00–17047.

D.C. No. CV–98–02928–MMC.

United States Court of Appeals, Ninth Circuit.

Submitted March 13, 2002.*

Decided April 8, 2002.

Before RYMER, KLEINFELD, and McKEOWN, Circuit Judges.

MEMORANDUM **

Appellants Diane Sasser, Jessica La-Bonte–Souza, Vickie Leff, and Leanna Thomas sued their employer, West Coast Beauty Supply, and two of its managers, claiming that they were harassed and discriminated against on the basis of sex and on the basis of pregnancy, in violation of Title VII and California's Fair Employment and Housing Act. The district court, as relevant to this appeal, granted Appellee's motion for summary judgment as to all of the harassment claims and all but one of the discrimination claims. Appellants argue: (1) that they present triable issues of fact as to harassment; (2) that Thomas's discrimination claim was timely; and (3) that sufficient evidence supported LaBonte–Souza's retaliation claim.

We review a district court's grant of summary judgment de novo, and apply the same legal standard used by the district court under Fed.R.Civ.P. 56(c).[1] We determine whether, viewing the evidence in the light most favorable to the nonmoving party, there is a genuine issue of material fact for trial.[2] We conclude that there is none, as to any of Appellants' claims.

First, Appellants failed to present a genuine issue of material fact as to whether they were subjected to a hostile work environment. They did not show a pattern of ongoing and persistent harassment severe enough to alter their conditions of employment, particularly as the Supreme Court has advised that "simple teasing ... offhand comments, and isolated incidents" do not alone make out such a claim.[3] Second,

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. See Delta Savings Bank v. U.S., 265 F.3d 1017, 1021 (9th Cir.2001).

2. See id.; Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir.1996).

3. Faragher v. City of Boca Raton, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998); see also Harris v. Forklift Systems, Inc., 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993); Ray v. Henderson, 217 F.3d 1234, 1245 (9th Cir.2000); Fuller v. City

Thomas's discrimination claim was filed outside of the period of limitations, and the continuing violations doctrine does not save this claim, as there is no evidence that alleged events outside of the period were part of an on-going unlawful employment practice.[4] Finally, no triable issue of fact exists as to LaBonte–Souza's retaliation claim, as West Coast Beauty gave a valid nondiscriminatory reason for its actions, and LaBonte–Souza failed to present any specific or substantial evidence that this reason was pretextual.[5]

AFFIRMED.

---

of Oakland, 47 F.3d 1522, 1527 (9th Cir. 1995).

**4.** See Draper v. Coeur Rochester, Inc., 147 F.3d 1104, 1108 (9th Cir.1998).

**5.** See Steiner v. Showboat Operating Co., 25 F.3d 1459, 1464–65 (9th Cir.1994); Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1220–21 (9th Cir.1998).

